Case 4:05-cr-00270-MJJ   Document 18   Filed 06/30/2005   Page 1 of 2

KEVIN V. RYAN (CSBN 118321)
United States Attorney

EUMI L. CHOI (WVBN 0722)
Acting Chief, Criminal Division

MERRY JEAN CHAN (CSBN 229254)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, CA, 94612
Telephone: (510) 637-3703
Telefax:     (510) 637-3724
Email:       merry.chan@usdoj.gov

Attorneys for Plaintiff

**FILED**

**JUL  5 2005**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  <br> Plaintiff,  <br> v.  <br> WILLIAM GLENN OLSEN,  <br> Defendant. | No. CR 05-00270 MJJ  <br><br> ~~PROPOSED~~] ORDER CONTINUING STATUS CONFERENCE UNTIL JUNE 30, 2005, AND EXCLUDING JUNE 9. 2005 THROUGH JUNE 30, 2005 UNDER SPEEDY TRIAL ACT, 18 U.S.C. § 3161(h)(8)(A), FOR EFFECTIVE PREPARATION AND CONTINUITY OF COUNSEL AND UNUSUAL CASE |

~~PROPOSED~~ ORDER

1. On June 8, this Court signed an order continuing the status conference in this case from June 9, 2005 to June 30, 2005, at 2:00 p.m., and excluding time from the calculation under the Speedy Trial Act for effective preparation of counsel and unusual case.

2. On June 29, 2005, due to the unavailability of the Court, this Court, on its own motion, continued the status conference from June 30, 2005 to July 15, 2005.

3. Government counsel will be in South Carolina during the week of July 11, 2005, including July 15, 2005.

4. The parties have been engaged in extensive discussions regarding a possible settlement, which involve a supervised release violation pending against the defendant in another Court.

Because of the complexity of the discussions, and the possibility that the parties will have reached a settlement by the next appearance, this Court finds that substitution of government counsel for the next appearance is inadvisable.

5. This Court finds that this case is unusual and complex because it involves a defendant who is charged with sending child pornography to the federal prison from which he was released, shortly after his release, and because the defendant is also facing a supervised release violation in another Court.

6. This Court finds that taking into account the exercise of due diligence, the defense requires additional time to investigate the alleged supervised release violation and its relationship or impact on the above-captioned case.

7. For good cause shown, this Court therefore orders that the next appearance be scheduled for July 28, 2005, at 2 p.m., and an exclusion of time between June 30, 2005 and July 28, 2005 from the calculation under the Speedy Trial Act, to allow the parties reasonable time, taking into account the exercise of due diligence, to investigate and analyze the supervised release violation in this unusual case; to accommodate the Court's unavailability; to permit continuity of government counsel, and because the case is so unusual. 18 U.S.C. § 3161(h)(8)(A)&(B)(ii)&(B)(iv). This Courts finds that the ends of justice served by this exclusion outweigh the interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A).

IT IS SO ORDERED.

DATED: 7/5/2005

HON. MARTIN J. JENKINS
United States District Judge

(Approved as to form: _____)
/s/ David Andersen, Attorney for William Glenn Olsen

(Approved as to form: _____)
/s/ AUSA Merry Jean Chan